IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

KEDREN BROADUS,

       Defendant.

Criminal No. 18-0010
ELECTRONICALLY FILED

### Memorandum Order denying Motion to Dismiss Supervised Release Petition

Defendant was sentenced before this Court on October 28, 2019, following a guilty plea to a one count Indictment charging possession of a firearm and ammunition by a convicted felon. This Court imposed a sentence of 37 months imprisonment and 3 years of supervised release. Defendant's term of supervised release commenced on January 21, 2021, and is set to expire on January 21, 2024.

On March 21, 2023, almost a year prior to the expiration of Defendant's term of supervised release, the Probation Office filed the Petition on Supervised Release, which is the subject of this Motion.  Doc. 87.  The allegations in the Petition relate to pending state court charges in Allegheny and Westmoreland County, and other technical violations.  This Court signed the Petition on March 22, 2023, Doc. 88, and an arrest warrant was issued for Defendant's arrest at that time.  Doc. 89.  For reasons that are not clear, the warrant was not executed until June 7, 2024, when Defendant appeared in the Court of Common Pleas of Westmoreland County.

1

A preliminary hearing occurred before Magistrate Judge Patricia L. Dodge, on June 17, 2024, at which the three criminal complaints against Defendant were introduced as well as testimony by the Probation Officer as to the standard procedures of the Probation Office and the events in this case procedurally. Doc. 94. Following that hearing, on June 17, 2024, Magistrate Judge Dodge issued a Probable Cause Order. Doc. 95.

In Defendant's pending Motion to Dismiss, he contends that this Court lacks jurisdiction to hear this Petition, and that his Due Process right to a speedy trial has been violated. Doc. 100.

Although it is not usual that a 15-month delay in the execution of the warrant occurs, under the circumstances of this case, that occurrence does not strip this Court of jurisdiction to hear this alleged supervised release violation under 18 U.S.C. Section 3583(i), nor has Defendant's Due Process right to a speedy trial right been implicated or violated.

Defendant cites *United States v. Hill*, 719 F.2d 1402 (9th Cir. 1982) for the position that a District Court may lose jurisdiction where an arrest warrant was issued four years after the probation officer filed a supervised release violation petition and the arrest warrant was executed two years after its issue. The facts of that case are not analogous to the present case because here, the arrest warrant was issued immediately after the filing of the petition and 14 months elapsed between the issuance of and execution of the arrest warrant. Crucially, the statute under which Hill was decided was not under 18 U.S.C. Section 3583(i), but instead was decided under a now repealed statute. *See United States v. Morales-Isabarras*, 745 F.3d 398, 404 (9th Cir. 2014).

Moreover, as the Government emphasizes and the Court agrees, keeping in mind that supervised release revocation proceedings are not criminal prosecutions that trigger the full panoply of rights that attach during a criminal trial, the fact remains that a Defendant's Due

Process rights are protected when a "revocation hearing is held within a reasonable time after the defendant has been taken into custody." *United States v. Goode*, 700 Fed. Appx. 100, 102 (3d Cir. 2017). This makes sense because the loss of liberty does not occur until a Defendant is taken into custody.

One due process right triggered by a revocation proceeding is the right to have a "revocation hearing." within a reasonable time after the parolee is taken into custody." *Id.* quoting *Barker v. Wingo*, 407 U.S. 514 (1972). This right has been codified in Fed. R. Crim. P. 32.1(b)(2), which requires that courts "must hold the revocation hearing within a reasonable time." When evaluating claims under Fed. R. Crim. P. 32.1, courts often look to the factors the United States Supreme Court enumerated in *Barker v. Wingo*, 407 U.S. 514 (1972), because of the analogous context of the Sixth Amendment right to speedy trial. *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004). Those factors are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530.

Here, Defendant was arrested on June 7, 2024, approximately 2.5 months ago, he had a preliminary hearing on June 17, 2024. Therefore, his Due Process/speedy trial right have not been triggered nor have they been violated. Moreover, the Court does not find that Defendant was prejudiced in these proceedings and under these circumstances. For these reasons, Defendant's Motion to Dismiss the Revocation Proceedings (Doc. 100) is DENIED.

The Court notes that since the filing of this Motion, prior counsel (who filed the instant Motion) has withdrawn from this case and the Court recently appointed new counsel to represent Defendant, in connection with this case, as well as in connection with new charges that are pending at 24-cr-141.  Now that the instant Motion to Dismiss has been resolved, the Court will promptly set a hearing date on the Revocation Proceedings by further Order of Court.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Court Judge

cc:   All ecf-registered counsel of record